Mrs. B. L. Sapp - page 4

so deducted from pay rolls of members and have a
corresponding amount deducted from any funds
available for paying teachers' salaries, and
transmit same to the Executive Secretary of the
State Board of Trustees as provided for in this
Act. Any college or university or other educa-
tional institution or agency supported in whole
or in part by the State shall have the amount re-
tained or deducted from the funds regularly ap-
propriated by the State for the current mainte-
nance for such educational departments and insti-
tutions." -- Sec. 8, H. B. No. 602, Ch. 377, 48th
Legislature, Reg. Sess., Vernon's Tex. Sess. Law
Ser., pp. 681-682, amending Sec. 8 of Art. 2922-1,
Rev. Civ. Stat. Vernon's Codification.

It will thus be seen that the deductions when made
"shall be paid into said Teacher Saving Fund."

The verb "pay" is one of different meanings, accord-
ing to the context. When used with respect to a debt, it
means to satisfy, and such payment may be either in cash, or
other thing whatsoever acceptable to the creditor. In com-
mercial understanding, one's check is paid when the drawee-
bank, respecting the maker's order, delivers the sum called
for to the holder of the check. In yet another sense the
word means to deliver, deposit, or place in the hands of
another, a sum of money held in trust.

Obviously, the payment required by the statute under
consideration is that of the last illustration.

The relation between the employer and the State
Teachers Retirement System is not one of debtor and creditor,
but on the contrary is statutory -- that is to say, one of
contributor to and custodian of a public fund. Payment,
therefore, by the employing authority to the Fund means the
delivery or deposit by the contributor and the receipt by
the custodian of the Fund, and this must be in lawful money,
or at least in its equivalent -- United States money order
or commercial paper convertible immediately at the place of
receipt into cash for actual deposits.

From what we have said it is clear we are of the
opinion your question should be answered in the affirmative.
Of course, we should not be understood as holding that you

Mrs. B. B. Sapp - page 5

would be forbidden to accept a personal check in such cases, for such accepting of a check would necessarily be for collection and credit only.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By
Ocie Speer
Assistant

OS-MR

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN